JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar No. 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
patrick.rose@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Nanda Sharif-Pour,<br><br>        Plaintiff,<br><br>    v.<br><br>United States of America *ex rel* United States Postal Service,<br><br>        Defendant. | Case No. 2:20-cv-01271-CDS-EJY<br><br>**Unopposed Motion for Exception from Attendance Requirements for Settlement Conference** |

Federal Defendant, the United States, moves for an order excepting it from the requirements, as applicable, that the settlement conference be attended by all Defendants and by a representative of the insurance carrier with authority to settle the matter up to the full amount of the claim. *See* Order at 2:2–6, ECF No. 22. The Order further provides that any request to be excused from such requirements must be filed, after consultation with opposing counsel, at least seven days before the settlement conference. Undersigned defense counsel has consulted with Plaintiff's counsel, who advises that he does not object to the exception requested herein, namely, that the United States be permitted to participate in the settlement conference via the personal attendance of undersigned defense counsel (AUSA Patrick Rose) and telephonic participation by United States Postal Service Attorney Stanford M. Bjurstrom, who is based in St. Louis, Missouri.

## I. Introduction

This case arises out of a car accident on November 1, 2017 between Plaintiff Nanda Sharif-Pour and Steven Miller, an employee of the United States Postal Service who was operating a Postal Service vehicle in the course and scope of his federal employment.

After exhausting administrative remedies, Plaintiff commenced this lawsuit pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 1402(b), 2401(b), 2402, 2671-2680 ("FTCA"). Following discovery, this case has been set for an August 4, 2022, settlement conference.

Plaintiff has not made a settlement demand during the litigation. She made pre-litigation demand to the Postal Service.

## II. Points and Authorities

The federal government is unlike other litigants in terms of geographic breath, nature of issues, and number of cases. *See United States v. Mendoza*, 464 U.S. 154, 159 (1984). The authority to settle most civil cases against the government rests with varying management personnel within the local United States Attorney's Office or at Department of Justice ("DOJ") headquarters, depending on the dollar amount and the concurrence of the client agency. *See* 28 C.F.R. § 0.168(a); 28 C.F.R. Part 0, Subpart Y, Appendix. There is not an insurance carrier for this matter.

As the advisory committee recognized, "[p]articularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16 advisory committee's note (1993 amendment, subdivision (c)). Additionally, a district court can consider alternative methods of participation, such as via telephone. *See United States v. United States Dist. Court*, 694 F.3d 1051, 1061 (9th Cir. 2012).

The United States Attorney's Office understands the importance of ENEs, settlement conferences, and other alternate dispute resolution techniques in resolving civil

1  cases. This office has participated in many of them, in good faith, and consistent with the
2  authority set forth in the applicable regulations.
3        The Postal Service has also participated in ENEs and settlement conferences in this
4  district including via telephonic participation. With the Postal Service's financial losses of
5  billions of dollars during the last several years, the Postal Service has sought to lower its
6  costs in a number of ways including reductions in personnel, facilities, and authorized
7  travel for employees. The Postal Service's tort litigation section has a relatively small
8  number of attorneys to address numerous claims and cases across the country.
9        Recommendations (through the respective DOJ and client agency chains of
10 command) regarding any particular settlement proposal in this case will originate with the
11 undersigned AUSA and assigned Postal Service attorney.
12       Based on the reasons and circumstances above, the United States respectfully
13 requests exception from the Order's requirement of personal attendance by a representative
14 with binding settlement authority. In lieu of such requirement, the undersigned AUSA
15 would personally attend and participate, while Postal Service attorney Stanford Bjurstrom
16 would participate via telephone.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

### III.  Conclusion

Based on the reasons and circumstances above, the United States respectfully requests that the Court grant this motion so as to allow AUSA Rose to personally attend and participate in the settlement conference, and Postal Service attorney Stanford Bjurstrom to participate via telephone, in lieu of the personal attendance requirements otherwise set forth in the Order, ECF No. 22.

Respectfully submitted this 15th day of July 2022.

JASON M. FRIERSON
United States Attorney

/s/ Patrick A. Rose
PATRICK A. ROSE
Assistant United States Attorney

**IT IS SO ORDERED**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  July 15, 2022